Joshua K. Merkel (SBN: pending)
jmerkel@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Alfred Molnar

FILED
07 JUN 14 PM 2:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: /s/         DEPUTY

# United States District Court
# Southern District Of California

| | |
|---|---|
| **ALFRED MOLNAR,**<br><br>PLAINTIFF,<br><br>v.<br><br>**SRA ASSOCIATES, INC., TOYOTA MOTOR CREDIT CORPORATION, AND PATENAUDE & FELIX, A.P.C.,**<br><br>DEFENDANT. | Case No.: 07 CV 1087 W (WMc)<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

ORIGINAL

1  consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. ALFRED MOLNAR, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of SRA ASSOCIATES, INC. ("SRA"), TOYOTA MOTOR CREDIT CORPORATION ("TOYOTA"), and PATENAUDE & FELIX, A.P.C., ("PATENAUDE," collectively, "Defendants"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

//
//
//

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**           PAGE 2 OF 13

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and California Common Law.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that SRA is a company operating from the City of Hi-Nella, County of Camden, State of New Jersey.

12. Plaintiff is informed and believes, and thereon alleges, that TOYOTA is a company operating from the City of Torrance, County of Los Angeles, State of California.

13. Plaintiff is informed and believes, and thereon alleges, that PATENAUDE is a company operating from the City of San Diego, County of San Diego, State of California.

14. Plaintiff is informed and believes, and thereon alleges, that SRA and PATENAUDE are entities who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore

"debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### BACKGROUND INFORMATION

17. Sometime before September 28, 2005, Plaintiff allegedly incurred financial obligations to TOYOTA that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before September 28, 2005, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff takes no position as to whether or not this alleged debt was actually owed.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before September 28, 2005, TOYOTA assigned, placed, or otherwise transferred the alleged debt to PATENAUDE for collection.

//
//

21. On or about September 28, 2005, PATENAUDE sent Plaintiff a letter demanding $5,995.54. This figure allegedly represents Plaintiff's delinquent automobile payments owed to TOYOTA. (See Plaintiff's Exhibit 1).

22. On or about February 1, 2006 Plaintiff, through Plaintiff's counsel, filed a lawsuit against PATENAUDE alleging violations of the FDCPA and RFDCPA ("CASE 1").

23. Sometime thereafter, but before June 16, 2006, TOYOTA, through its counsel PATENAUDE, filed a separate action against Plaintiff in the Superior Court of California for the County of San Diego. ("CASE 2"). CASE 2 was initiated to collect the outstanding balance on Plaintiff's automobile payments allegedly owed to TOYOTA.

24. On or about June 16, 2006, TOYOTA, through its counsel PATENAUDE, filed in CASE 2 a Request to Enter Default Against Plaintiff in an amount of $7,636.68. This figure represented the outstanding balance of $5,995.54 allegedly owed by Plaintiff to TOYOTA, plus attorney fees of $900.00, attorney costs of $227.00, and prejudgment interest of $514.14.

25. On or about June 28, 2006, Plaintiff and PATENAUDE entered into a settlement agreement regarding CASE 1. (See Plaintiff's Exhibit 2). The terms of this settlement stated, in pertinent part, that PATENAUDE would pay Plaintiff $6,500.00 and would waive one-half of the underlying debt allegedly owed to TOYOTA.

26. The total amount waived was $3,818.34. This number was calculated pursuant to the settlement agreement, specifically by dividing the total outstanding balance of $7,636.68 in half. As a result, the remaining debt available to TOYOTA was $3,818.34 plus interest of $17.78 and fees of $15.00 for a total of $3,851.34. (See Exhibit 3).[3]

---

[3] This exhibit is TOYOTA's Writ of Execution filed against Plaintiff in CASE 2, and demonstrates the total amount available to TOYOTA after one-half of the debt was waived pursuant to the settlement agreement in CASE 1.

27. Plaintiff and Plaintiff's counsel executed the settlement agreement on June 28, 2006, and PATENAUDE executed the agreement on July 13, 2007.

FACTUAL ALLEGATIONS

28. At all times relevant, Plaintiff was an individual residing within the State of California.

29. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California

30. On or about April 9, 2007, SRA sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant. (See Plaintiff's Exhibit 4).

31. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

32. In this letter, SRA sought to collect $5,995.54 from Plaintiff on behalf of TOYOTA.

33. Worth noting is that this is the exact same amount that PATENAUDE sought to collect from Plaintiff in CASE 1.

34. Plaintiff is informed and believes, and thereon alleges, that the portion of the settlement agreement between Plaintiff and PATENAUDE that stipulated the waiver of one-half Plaintiff's alleged debt to TOYOTA, or $3,818.34, was actually waived as agreed.

35. Plaintiff is informed and believes, and thereon alleges, that the most money SRA could seek to collect from Plaintiff is $3,818.34, exclusive of interest.

//
//
//
//

36. By seeking to collect $5,995.54, SRA sought to collect an amount that was in excess of the true amount Plaintiff allegedly owed. As such, the collection of this amount constitutes the false representation of the character or amount of the alleged debt, and consequently, SRA violated 15 U.S.C. § 1692e(2)(A). Because SRA violated 15 U.S.C. § 1692e(2)(A), SRA also violated Cal. Civ. Code § 1788.17.

37. Seeking to collect this improper amount constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, SRA violated 15 U.S.C. §§1692e and 1692e(10). Because SRA violated 15 U.S.C. §§1692e and 1692e(10), SRA also violated Cal. Civ. Code § 1788.17.

38. Seeking to collect this improper amount represents an unfair or unconscionable means to collect the alleged debt because SRA sought to collect an amount that was, in part, waived in an enforceable settlement agreement. As such, SRA violated 15 U.S.C. §§ 1692f and 1692f(1). Because SRA violated 15 U.S.C. §§ 1692f and 1692f(1), SRA also violated Cal. Civ. Code § 1788.17.

39. By seeking to collect $5,995.54, TOYOTA sought to collect an amount that was in excess of the true amount Plaintiff allegedly owed. As such, the collection of this amount constitutes the false representation of the character or amount of the alleged debt, and consequently, TOYOTA violated Cal. Civ. Code § 1788.17 because TOYOTA violated 15 U.S.C. § 1692e(2)(A).

40. Seeking to collect this improper amount constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, TOYOTA violated Cal. Civ. Code § 1788.17 because TOYOTA violated 15 U.S.C. §§1692e and 1692e(10).

//

//

41. Seeking to collect this improper amount represents an unfair or unconscionable means to collect the alleged debt because TOYOTA sought to collect an amount that was, in part, waived in an enforceable settlement agreement. As such, TOYOTA violated Cal. Civ. Code § 1788.17 because TOYOTA violated 15 U.S.C. §§ 1692f and 1692f(1).

42. PATENAUDE had a duty to abide by the terms of the settlement agreement between itself and Plaintiff in CASE 1.

43. PATENAUDE breached this duty when it allowed TOYOTA to hire another debt collector to collect an amount that was in excess of the amount TOYOTA could collect pursuant to the settlement agreement.

44. PATENAUDE's breach was the proximate, legal, and actual cause of Plaintiff's harm.

45. PATENAUDE's breach was a substantial factor in causing Plaintiff's harm.

46. The settlement agreement between Plaintiff and PATENAUDE was explicit and clear, and each party understood what it was required to do under the agreement.

47. By the terms of the settlement agreement, Plaintiff agreed to release PATENAUDE from all claims that arose under CASE 1. In return, PATENAUDE agreed to pay Plaintiff $6,500.00 and further waive one-half of the alleged debt due to TOYOTA.

48. Both Plaintiff and PATENAUDE agreed to the terms set forth in the settlement agreement.

49. Consequently, the settlement agreement between Plaintiff and PATENAUDE was a contract.

50. Plaintiff did all of the significant things the contract required Plaintiff to do.

51. Any and all the conditions required by the contract for PATENAUDE's performance have occurred.

//

52. PATENAUDE failed to do something the contract required; namely, PATENAUDE failed to waive one-half of Plaintiff's alleged debt to TOYOTA.

53. As a result of PATENAUDE's failure to abide by the terms of the contract, which resulted in a breach of contract, Plaintiff was harmed.

54. TOYOTA has a duty to refrain from assigning, placing, or otherwise transferring a debt to a debt collector when the amount of the debt is inaccurate or otherwise improper.

55. TOYOTA breached this duty when it assigned, placed, or otherwise transferred a debt in the amount of $5,996.54 to SRA for collection.

56. TOYOTA's breach was the proximate, legal, and actual cause of Plaintiff's damages.

57. TOYOTA's breach was a substantial factor in causing Plaintiff's harm.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

[Against SRA]

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

60. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

//

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [Against SRA and TOYOTA]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

63. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from SRA and TOYOTA, individually.

## COUNT III

### NEGLIGENCE
### [Against PATENAUDE]

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. PATENAUDE had a duty to abide by the terms of the settlement agreement between itself and Plaintiff in CASE 1.

66. PATENAUDE breached this duty when it allowed TOYOTA to hire another debt collector to collect an amount that was in excess of the amount TOYOTA could collect pursuant to the settlement agreement in CASE 1.

67. PATENAUDE's breach was the proximate, legal, and actual cause of Plaintiff's harm.

68. PATENAUDE's breach was a substantial factor in causing Plaintiff's harm.

//

## COUNT IV

## BREACH OF CONTRACT

[Against PATENAUDE]

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The settlement agreement between Plaintiff and PATENAUDE in CASE 1 was a contract.

71. Plaintiff did all of the significant things the contract required Plaintiff to do.

72. Any and all the conditions required by the contract for PATENAUDE's performance have occurred.

73. PATENAUDE failed to do something the contract required; namely, PATENAUDE failed to waive one-half of Plaintiff's alleged debt to TOYOTA.

74. As a result of PATENAUDE's failure to abide by the terms of the contract, which resulted in a breach of contract, Plaintiff was harmed.

## COUNT V

## NEGLIGENCE

[Against TOYOTA]

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. TOYOTA has a duty to refrain from assigning, placing, or otherwise transferring a debt to a debt collector when the amount of the debt is inaccurate or otherwise improper.

77. TOYOTA breached this duty when it assigned, placed, or otherwise transferred a debt in the amount of $5,996.54 to SRA for collection because this amount does not take into account the binding provisions of the settlement agreement in CASE 1.

//

78. TOYOTA's breach was the proximate, legal, and actual cause of Plaintiff's damages.

79. TOYOTA's breach was a substantial factor in causing Plaintiff's harm.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

[Against SRA]

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

[Against SRA and TOYOTA]

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from SRA and TOYOTA, individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b) from SRA and TOYOTA, individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) from SRA and TOYOTA, individually.

### NEGLIGENCE

[Against PATENAUDE and TOYOTA]

- an award of general, special, and actual damages in an amount to be determined at trial;
- an award of pre-judgment interest at the legal rate;

//

- an award of reasonable attorney fees and costs associated with the suit; and;
- any other relief this Court deems just and proper.

## BREACH OF CONTRACT

### [Against PATENAUDE]

- Actual damages, in an amount to be determined at trial;
- General damages, in an amount to be determined at trial;
- Expectation damages, in an amount to be determined at trial;
- Consequential damages, in an amount to be determined at trial;
- Reliance damages, in an amount to be determined at trial;
- Any and all damages to which Plaintiff might otherwise be entitled, including any damages the Court deems appropriate.

## TRIAL BY JURY

80. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 6/13/07

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua K. Merkel, Esq.
Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Alfred Molnar

**DEFENDANTS**
SRA Associates, Inc., Toyota Motor Credit Corporation and Patenaude & Felix A.P.C.

07 JUN 14 PM 2:43
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Camden
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joshua K. Merkel, (619) 233.7770
411 Camino Del Rio South
Suite 301
San Diego, CA 92108

**ATTORNEYS (IF KNOWN)**
Unknown

'07 CV 1087 W (WMc)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 et seq

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | | | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| | | | ☐ 720 Labor/Mgmt. Relations | 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** 50000   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE 6/13/07   SIGNATURE OF ATTORNEY OF RECORD

PAID $350 6/14/07 BH RECEIPT # 139376

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

        # 139376     - BH

         June 14, 2007
           15:56:51


         Civ Fil Non-Pris
USAO #.: 07CV1087 CIV. FIL.
Judge..: THOMAS J WHELAN
Amount.:                $350.00 CK
Check#.: BC# 2059



      Total-> $350.00


FROM: MOLNAR V. SRA ASSOC. ET AL
      CIVIL FILING
```